UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LASHONDA POWELL, O.B.O. J.P. | CIVIL ACTION NO. 20-cv-1387 |
| VERSUS | CHIEF JUDGE HICKS |
| SOCIAL SECURITY ADMINISTRATION | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

**Introduction**

J.P. was born prematurely in 2017 and had a 31-day stay in the NICU. He began having breathing problems and was diagnosed with asthma and obstructive sleep apnea. He underwent airway surgery in October 2019. His mother, Lashonda Powell ("Plaintiff") filed an application for Supplemental Security Income in May 2019. ALJ Charlotte Wright held an evidentiary hearing and issued a decision that the child was not disabled within the meaning of the regulations. Tr. 20. The Appeals Council denied review (Tr. 1), resulting in a final decision by the Commissioner.

Plaintiff filed this civil action to seek the limited judicial review that is allowed by 42 U.S.C. § 405(g). Plaintiff represented herself at the agency hearing and continues to be self-represented. She commenced this action by filing a complaint on a form provided by the court, to which she attached various documents that were part of the agency record. She then filed a one-page letter-brief that did not specify any particular errors. For the reasons that follow, it is recommended that the Commissioner's decision be affirmed.

**Relevant Evidence**

    **A. Medical Records**

Medical records show that J.P. was a premature infant, born at 31 weeks on June 20, 2017. He had tubes placed in his ears on July 13, 2018. A progress note from a March 28, 2019 follow-up visit indicates that the tubes were in pace and that J.P. had no recent infections or problems with his ears. Tr. 215-17.

J.P. saw Dr. Sasikumar Kilaikode at Pediatric Pulmonary Clinic for his breathing problems. A progress note from June 13, 2019 stated that J.P. suffered from frequent coughing, wheezing, and congestion. He had two hospital admissions and several emergency department visits for wheezing and congestion. Tr. 294. At one emergency department visit in January 2019, he was noted to be "in respiratory distress." Tr. 227. However, at other visits, he had normal respiration, with no wheeze or cough. Tr. 225, 232, 234, 237. .

After a sleep study, J.P. was diagnosed with obstructive sleep apnea. Tr. 314. He underwent airway surgery in October 2019, and his tonsils and adenoids were removed. Tr. 345. In March 2020, he was prescribed a CPAP device to use while sleeping. Tr. 396. He takes Decadron and Zyrtec and uses a Flovent inhaler daily. Tr. 399.

    **B. Hearing Testimony**

Plaintiff testified at the agency hearing that J.P. has bronchitis, asthma, obstructive sleep apnea, and carpal tunnel in his left foot. She stated that he cannot sleep through the night, waking every 30 to 60 minutes, and has to be propped up on a pillow. She stated that he has shortness of breath when playing or laughing. Tr. 37. He had surgery in

October 2019 to have his tonsils and adenoids removed. Tr. 38. She indicated that his speech and mobility are age appropriate. For example, she said that he can say more than six words other than mama or dada, can talk in sentences of three or more words (Tr. 39), can feed himself and dress himself (Tr. 40-41), and tries to copy activities that his mother and older brother do (Tr. 41-42).

### C. State Agency Medical Consultants

Dr. Sheryl Smith did not perform an examination of J.P. but reviewed his medical records. Dr. Smith noted in her evaluation form impairments of asthma and other disorders of the ear. She opined that these impairments were not severe and cause no more than minimal functional limitations. Tr. 73. She stated that J.P. was not diagnosed with any learning or developmental delay or attention problems and that he did not show inappropriate socialization function or motor skill delay. Tr. 73-74. She noted that J.P. has tubes in his ears due to middle ear infections, and with the tubes he has no severe limitation to his hearing. Tr. 74-75. He does have asthma, but it does not significantly limit his breathing. Tr. 75. Dr. Joseph Michalik issued a similar evaluation based on review of the medical records. He found that J.P.'s impairments of asthma and ear disorders resulted in some limitations in the ability to function, but the limitations were not severe enough to be considered disabling. Tr. 86. Neither state agency physician discussed sleep apnea.

### The ALJ's Findings

A child is considered disabled if he has a medically determinable physical or mental impairment which results in marked and severe functional limitations and which can be

expected to result in death or last a continuous period of at least one year. 42 U.S.C. §1382(c)(a)(3)(C)(I). The Commissioner has published regulations to implement that standard. They require a three-step evaluation process. 20 C.F.R. §416.924.

The first step is to determine whether the child has engaged in substantial gainful activity. If not, the evaluation continues to the second step, which involves a determination of whether the child has an impairment or combination of impairments that is "severe," meaning more than a slight abnormality that causes only minimal functional limitation. The third step involves a determination of whether the child's impairments meet, medically equal, or functionally equal in severity a listed impairment. §416.924a(d). If so, and the twelve-month durational requirement is met, the child is disabled. If not, the child is not disabled. §416.924(d)(1) and (2).

The ALJ found that J.P.'s claim met the first two steps of the evaluation because (1) the child had not been working and (2) he suffered from severe impairments in the form of asthma and obstructive sleep apnea. (Tr. 20). The ALJ found at step three that J.P.'s impairments did not meet or medically equal a listed impairment. In making this determination, the ALJ specifically considered listings 103.02 or 103.03. She found that the medical evidence did not reflect the requirements of the listings, such as hypoxia, a tracheostomy, chronic lung disease of infancy, or complications that required three hospitalizations at least 30 days apart and within a 12-month period. Thus, J.P.'s impairments did not meet or medically equal the required criteria for a listing.

The ALJ then proceeded to determine whether J.P. has impairments that functionally equaled a listed impairment. A decision on functional equivalence requires consideration of the child's limitations in six areas or domains. The domains are:

(1) acquiring and using information

(2) attending and completing tasks

(3) interacting and relating with others

(4) moving about and manipulating objects

(5) caring for yourself

(6) health and physical well-being.

§416.926a(b)(1).

The limitations imposed by an impairment are described in increasing levels of severity: none, moderate, marked and extreme. An ALJ will make a finding of functional equivalence only if the child has "marked" limitations in two domains or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(d). A marked limitation will seriously interfere with the child's ability to independently initiate, sustain or complete activities. 20 C.F.R. § 416.926a(e)(2). An "extreme" limitation will interfere "very seriously" with these abilities. 20 C.F.R. 416.926a(e)(3). When deciding whether a child has such a limitation, the ALJ must consider all of the child's impairments, whether or not they are considered severe, as well as the interactive and cumulative effects of any impairments on any affected domain. 20 C.F.R. § 416.926a(a) & (c).

The ALJ considered J.P.'s medical records, opinions from state agency consultants Dr. Sheryl Smith and Dr. Joseph Michalik, and the hearing testimony. The ALJ found that J.P. had no limitation in the domains of acquiring and using information, attending and completing tasks, interacting and relating with others, moving about and manipulating objects, and caring for himself. She found that J.P. had less than a marked limitation in his health and physical well-being. Those findings were spot on with the domain assessments made by the state agency physicians. The ALJ concluded the child was not disabled because there were not marked limitations in two domains or a severe limitation in any domain.

**Issues on Appeal**

The Scheduling Order (Doc. 15) required that the Plaintiff's brief include a statement of errors. The order explained:

> "This statement shall set forth in separate numbered paragraphs the specific errors committed at the administrative level which entitle plaintiff to relief. The court will consider only those errors specifically identified in the briefs. A general allegation that the ALJ's findings are unsupported by substantial evidence, standing alone, is insufficient to invoke the appellate function of the federal court."

Despite that instruction and warning, Plaintiff's one-page letter brief did not identify any specific errors regarding the ALJ's decision that she wished to raise on appeal. Instead, she wrote that J.P.'s medications "help him get through the day," that she does not know how she could provide the medications without the Medicaid eligibility that accompanies

the child's SSI, and that the child "still stops breathing in his sleep" and has an "occasional asthma attack at home and school." Doc. 20.

**Standard of Review; Substantial Evidence**

The court's review of the Commissioner's decision is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard. Perez v. Barnhart, 415 F.3d 457, 461 (5th Cir. 2005). "Substantial evidence is more than a scintilla and less than a preponderance." Masterson v. Barnhart, 309 F.3d 267, 272 (5th Cir. 2002). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Greenspan v. Shalala, 38 F.3d 232, 236 (5th Cir. 1994). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Analysis**

The ALJ's decision is supported by substantial evidence. The ALJ reviewed the medical evidence and testimony and made a reasonable determination that the child's condition does not meet the specific demands of a listing, and Petitioner does not challenge that determination. The ALJ then reasonably determined that the child has no limitation in the domains relevant to functional equivalency except for a less than a marked limitation in his health and physical well-being. That determination is fully supported by the domain assessments made by the state agency physicians. Those physicians did not address the

sleep apnea that the ALJ found to exist, but the ALJ noted that the child received airway surgery in 2019 to address the sleep apnea.

The ALJ decided that the child was not disabled because there were not marked limitations in two domains or a severe limitation in any domain. Plaintiff has not demonstrated that the decision lacks substantial evidence to support it or that it was otherwise erroneous. J.P. does have health problems, which were recognized by the ALJ, but those problems were not found to be so limiting as to make J.P. disabled within the meaning of the regulations. The Commissioner's decision must be affirmed based on the evidence and applicable law.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 24th day of January, 2022.

*Mark L. Hornsby*
U.S. Magistrate Judge